## ANDERSON v HERROLD

Ohio Common Pleas Court, Stark Co

Decided Jan 28, 1936

E. H. Austin, Canton, and A. B. Arbaugh, Canton, for plaintiff.

Lynch, Day, Pontius & Lynch, Canton, for defendants.

### OPINION

By SWEITZER, J.

The issues as to all defendants except Edwin M. Brickell and M. P. L. Kirchhofer, such defendants being in default for failure to file demurrers or answers and failure to appear at the trial, were disposed of without the intervention of a jury. The cause then proceeded to trial to a jury on plaintiff's second amended petition, defendants Edwin M. Brickell and M. P. L. Kirchhofer's joint answer thereto, and plaintiff's reply to said joint answer, as between Emma E. Anderson, plaintiff, and Edwin M. Brickell and M. P. L. Kirchhofer, defendants.

At the close of plaintiff's case a motion made by defendants asking a directed verdict in their favor was overruled, followed by the introduction of all further evidence, at the close of which defendants again moved for a directed verdict in their behalf. Plaintiff also making a motion asking for a directed verdict in her favor, the jury was excused, the trial judge taking for consideration and determination the facts of the case and the law thereof.

The original petition in this action was filed March 5, 1932. The cause is predicated on a promissory note payable in one year from date, the original amount being $15,000.00, the unpaid amount claimed as due being $6,910.59 and accrued interest, and a mortgage securing the payment thereof on real estate, to-wit: lot No. 6548 in the City of Canton, Stark County, Ohio, made and delivered July 13, 1926, by said D. Milton Herrold, also known in the case as D. M. Herrold and his wife, Leora K. Herrold, to The Central Savings Bank & Trust Company of Canton, Ohio, and also certain written assumptions of said mortgage. On August 4, 1929, said bank endorsed said note without recourse and transferred same and said mortgage to plaintiff, Emma E. Anderson, the present owner, assigning and setting over to her all its rights, title and interest in and to said note and mortgage. It is conceded the note and mortgage in question were in fact the property of plaintiff from the very date of their execution, said The Central Savings Bank & Trust Company having no interest in same other than having acted as trustee for said Emma E. Anderson.

The material parts of plaintiff's second amended petition are as follows:

"Plaintiff says that on or about July 13, 1926, the defendant, D. Milton Herrold, was the owner in fee simple of the following described premises, to-wit:

"Situated in the city of Canton, County of Stark and State of Ohio, and being lot No. 6548 in said city, reserving, however, the use of 4½ feet off the west side of said lot, which together with a strip of ground 4½ feet off the east side of the lot immediately adjoining on the west thereof shall form a 9-foot driveway to be for the use of the owners and occupants of all that part of said premises immediately adjoining on the west, subject to the right of way of the East Ohio Gas Company as described in an agreement recorded in Vol. 656, page 212, Stark County Deed Records;

That on or about the said date the said D. Milton Herrold and his wife, Leora K. Herrold, duly executed and delivered to The Central Savings Bank & Trust Company of Canton, Ohio, their certain promissory note of said date in the sum of fifteen thousand dollars ($15,000.00), and due one year after date, with interest at the rate of seven per cent per annum from date to maturity, payable quarter-annually in advance, and after maturity at the rate of eight per cent per annum, payable semi-annually, with a provision that any interest not paid when due should bear interest at the rate of eight per cent per annum, payable semi-annually; a copy of said note, together with all credits and endorsements thereon, is hereto attached marked Exhibit "A", and made part of this petition the same as if fully rewritten herein. That in order to secure the repayment of said note, said D. Milton Herrold and Leora K. Herrold, duly executed and delivered to the said The Central Savings Bank & Trust Company their certain mortgage deed conveying the said Lot No. 6548 in the city of Canton, Ohio, as above described, to the said bank, which mortgage was filed for record on the 14th day of July, 1926, in the Recorder's Office of Stark County, Ohio, and on the 4th day of August, 1926, was recorded in the Stark County Mortgage Records Vol. 736, page 345, and thereby the said mortgage became a lien upon the said premises.

"That on the fourth day of August, 1926, the said bank endorsed the said note without recourse and sold the same to this plaintiff, who then and at that time, for a valuable consideration purchased the said note without notice of any infirmity therein; that on said 4th day of August, 1926, the said bank, as a part of the consideration for the purchase of said note by this plaintiff, assigned, transferred and set over unto this plaintiff all its right, title and interest in and to the said mortgage so securing said note and delivered the same to this plaintiff; that this plaintiff then became, and still is, the true owner and holder of the said note and mortgage; that said assignment of said mortgage has been copied on the record thereof in the Recorder's Office of Stark County, Ohio.

"Plaintiff further says that on December 30, 1926, the said D. Milton Herrold and Leora K. Herrold, his wife, sold and conveyed the said lot No. 6548 to the defendants, Edwin M. Brickell and M. P. L. Kirchhofer, and as a part of the consideration therefor the said grantees assumed and agreed to pay said mortgage obligation as is shown by the record of said deeds in Vol. 939, page 556, of the Record of Deeds of Stark County, Ohio; that on the 3rd day of January, 1928, the said grantees, together with their respective wives, Helen L. Brickell and Corinne D. Kirchhofer, by warranty deed conveyed said premises to D. M. Herrold (being the same person as D. Milton Herrold, defendant herein), and as a part of the consideration therefor the said grantee assumed and agreed to pay said mortgage obligation as is shown by the record of said deed in Vol. 977, page 191, of the Deed Records of Stark County, Ohio; that on or about January 8, 1929, the said D. M. Herrold and Leora K. Herrold, his wife, sold and conveyed the said premises by warranty deed to the defendant, Howard T. Grant, and as a part of the consideration therefor the said defendant, Howard T. Grant, the grantee, assumed and greed to pay said mortgage obligation as is shown by the record of said deed in Vol. 998, page 475, of the Record of Deeds of Stark County, Ohio; that on November 29, 1929, the said Howard T. Grant and Florence E. Grant, sold and conveyed the said premises by warranty deed to the defendant, Frederick E. Widder, and as a part of the consideration therefor the said Frederick E. Widder, grantee, assumed and agreed to pay said mortgage obligation as is shown by Vol. 1031, page 543, of the Record of Deeds of Stark County, Ohio, and that said defendant, Frederick E. Widder, by endorsement on said note, specifically assumed the note.

"Plaintiff says that she had knowledge of and accepted and adopted the foregoing

contracts of assumption by said defendants, and, prior to any attempted rescission of said contracts of assumption by said defendants, Brickell and Kirchhofer, she obtained information and knowledge of the financial worth and standing, and ability to pay, of defendants, Brickell and Kirchhofer, and ascertained that they were in the habit of paying and had the ability fully to meet all their contracts and obligations; that the interest payments were promptly and fully met by said defendants as the same matured; that after the assumption of said mortgage by said defendants, Brickell and Kirchhofer, the principal of said mortgage became due and payable according to the terms of said mortgage, and relying upon said assumption by said defendants, Brickell and Kirchhofer, and upon the other facts set forth hereinabove, the said plaintiff refrained from demanding, and did not demand payment of the principal of said mortgage or otherwise enforce any of her rights under said mortgage, but allowed the same to continue, and accepted from said defendants, Brickell and Kirchhofer, interest payments only, all with the knowledge of said defendants.

"Plaintiff further says that on or about the 24th day of April, 1931, the said defendant, Frederick E. Widder, executed to the defendant, Henry W. Petzinger, a deed of assignment, and that said deed of assignment was filed in the Probate Court, Stark County, Ohio, at 4:30 o'clock P. M., April 24, 1931, as is recorded in assignment Record Vol. No. 22, page 177, in the Probate Court of Stark County, Ohio; that on the 30th day of April, 1931, the said Henry W. Petzinger duly qualified and was appointed assignee for the benefit of creditors of Frederick E. Widder, and that thereupon on said date letters of assignment were duly issued to him as assignee.

"Plaintiff further says that thereafter, the said defendant, Henry W. Petzinger, assignee for the benefit of creditors of Frederick E. Widder, commenced proceedings in the said Probate Court of Stark County, Ohio, to marshall the liens on said premises and sell the same, free from all encumbrances; that the liens were marshalled and the lien of the plaintiff found to be first and best lien thereon; that the said property was duly sold at public sale and that the same was purchased by plaintiff at said sale for ten thousand dollars ($10,000.00), being two-thirds of the appraised value thereof; that there was distributed to this plaintiff, as holder of the first lien on said premises, the sum of nine

thousand four hundred forty-three and 01/100 dollars ($9,443.01) out of the proceeds of said sale as is evidenced by the journal entry filed in said court.

"Plaintiff further says that, after crediting the sum so distributed to this plaintiff on the amount of said note, with accrued interest, there remained an unpaid balance of six thousand nine hundred ten and 59/100 dollars ($6,910.59) now due, owing and unpaid."

The material parts of the amended answer of Edwin M. Brickell and M. P. L. Kirchhofer to plaintiff's second amended petition are as follows:

"Now come defendants Edwin M. Brickell and M. P. L. Kirchhofer and without waiving their objections to the orders of the court heretofore made in respect to the original answer of these defendants filed in this cause, and for their joint amended answer to plaintiff's second amended petition, admit that on or about July 13, 1926, defendant D. Milton Herrold was the owner of the premises described in plaintiff's second amended petition; admit that on or about said date said defendant D. Milton Herrold and defendant Leora K. Herrold, his wife as joint makers, executed and delivered their certain promissory note payable to The Central Savings Bank & Trust Company of Canton, Ohio, in the amount and containing the terms set forth in plaintiff's said second amended petition; that said defendants D. Milton Herrold and Leora K. Herrold on said date executed and delivered to said The Central Savings Bank & Trust Company their certain mortgage deed conveying said premises to said mortgagee, which mortgage was recorded as set forth in plaintiff's second amended petition; admit that said bank, as said payee, endorsed said note without recourse and sold same to plaintiff on or about the fourth day of August, 1926, that on the same date on which said note was endorsed and delivered, as aforesaid, said mortgagee executed an assignment of said mortgage, which assignment was recorded as set forth in plaintiff's second amended petition.

"These answering defendants admit the execution of the deed on December 30, 1926, from defendants D. Milton Herrold and Leora K. Herrold to these answering defendants and admit that said deed was in the form and was recorded as set forth in plaintiff's said second amended petition. These answering defendants further

admit that on or about the third day of January, 1928, they, as grantors, executed and delivered to defendant D. Milton Herrold a deed for said property, which deed is in the form and was recorded as set forth in plaintiff's second amended petition. These answering defendants further admit that said defendants D. Milton Herrold and Leora K. Herrold thereupon transferred said premises to defendant Howard T. Grant, said deed of transfer being in the form and recorded as set forth in plaintiff's second amended petition; that thereafter said Howard T. Grant conveyed said premises to one Frederick E. Widder, which deed is in the form and recorded as set forth in plaintiff's second amended petition.

"These answering defendants further admit that on or about April 24, 1931, said defendant Frederick E. Widder executed and delivered to Henry W. Petzinger a deed of assignment for the benefit of the creditors of said Frederick E. Widder and that said Henry W. Petzinger thereafter became the duly qualified and acting assignee for the benefit of creditors of said Frederick E. Widder, having received letters as such assignee from the Probate Court of Stark County, Ohio. These answering defendants further admit that said Henry W. Petzinger, as such assignee, commenced proceedings in the Probate Court of Stark County, Ohio, to marshal liens on said premises and to sell same free of any encumbrances, and that thereafter plaintiff purchased said premises at a public sale (which sale was ordered by said Probate Court) for the sum of $10,000.

"Each and every other allegation in plaintiff's second amended petition contained, not hereinbefore expressly admitted to be true, these answering defendants deny.

"For their second defense, these answering defendants incorporate all and singular the admissions and allegations contained in their first defense, the same as though fully rewritten herein, and say that they were the grantees in a certain deed from D. Milton Herrold and Leora K. Herrold for the premises described in plaintiff's second amended petition, which deed is recorded in volume 939, page 556, of the deed records of Stark County, Ohio; that as such grantees these answering defendants assumed and agreed to pay said mortgage; that thereafter and prior to any alleged adoption or acceptance of said contract of assumption by plaintiff, and these answering defendants expressly deny that there ever has been any adoption or acceptance of said contract of assumption by plaintiff, these answering defendants transferred said premises to said D. Milton Herrold assumed and agreed to pay said mortgage encumbrance; that said deed bore date of January 3, 1928, and is recorded in volume 977, page 191, of the Stark County deed records."

To this joint amended answer plaintiff filed a reply as follows:

"Now comes the plaintiff and for her reply to the second defense set forth and contained in the amended answer of defendants Edwin M. Brickell and M. P. L. Kirchhofer, denies that the transfer pleaded in said second defense from the answering defendants to the defendant D. Milton Herrold took place prior to the adoption or acceptance by the plaintiff of the contract of assumption made by the answering defendants in the previous conveyance from D. Milton Herrold and Leora K. Herrold to the answering defendants.

"Further answering said second defense plaintiff admits all and singular the allegations therein set forth and contained."

The several instruments of conveyance and assumption of mortgage are in evidence as exhibits in this case. It is conceded that in each purchase and sale of the real estate, the payment of the mortgage was assumed and that such assumption in each instance constitutes a part of the purchase price. From the evidence there can be no doubt, indeed it is understood defendants admit, that on or about December 20, 1926, when defendants Brickell and Kirchhofer purchased the premises, said mortgage debt was not due and that they expressly assumed and agreed to pay, as a part of the purchase price, the mortgage in question.

This being a suit based, so far as Brickell and Kirchhofer are concerned, on their said express assumption of mortgage, it seems that under the state of the pleadings, the only serious question in controversy is: Under the evidence, were said Brickell and Kirchhofer on or about January 3, 1928, by reason of the execution and delivery of the instrument of said date, released from their said assumption obligation growing out of their former assumption contract?

Plaintiff claims, first, that she, the mortgagee, prior to said January 3, 1928, learned of defendants' said assumption obligation and assented thereto, thus rendering their assumption obligation irrevocable without

plaintiff's consent, which was not given, and, second, that apart from said irrevocability, the acts and conduct engaged in on or about January 3, 1928 by said Brickell and Kirchhofer, on the one hand, and D. Milton Herrold on the other, did not rescind said assumption obligation. Both claims of plaintiff are, by the defendants, denied.

In considering this case, in order to avoid confusion that otherwise would result from apparent inconsistency of decisions in various jurisdictions, it should be kept in mind that some jurisdictions base liability in assumption contract cases on the theory of equitable subrogation, and others, on the theory of beneficial contract. An article on Personal Liability for Deficiency in Mortgage Foreclosures, appearing in March, 1934, Vol. VIII, No. 2, number of the University of Cincinnati Law Review, is helpful in this particular. Ohio is committed to the beneficial contract theory,—at least with modifications in certain particulars.

In the early part of the opinion of **The Community Discount and Mortgage Co. v Joseph, 117 Oh St 127**, appears this language:

"There is no conflict here upon the proposition that where a purchaser of mortgaged lands assumes and agrees to pay the mortgage, such liability inures to the benefit of the mortgagee and may be enforced by him. This general rule is recognized in practically all jurisdictions."

Paragraph four of the syllabus in **Brewer v Maurer, 38 Oh St 543** is:

"In such an action by the mortgagee it is a good defense to show that before the plaintiff has assented to or acted on the promise made in his favor, the agreement has been rescinded."

Later in the opinion in Community Discount and Mortgage Co. et v Joseph, supra, the court approvingly quotes from **41 Corpus Juris, p. 749** as follows:

"The assumption contract may be rescinded, or the grantee released therefrom by the mortgagor, so long as the mortgagee has done nothing to show his adoption of the contract or his acceptance of the grantee as his principal debtor. After the mortgagee has accepted or adopted the contract or acted on the faith of it, the rule followed in the great majority of states is that it is not in the power of the parties, as against the rights of the mortgagee, and

in the absence of his consent thereto, to change or annul it. An acceptance of, or acting upon the assumption agreement by the mortgagee, precluding its rescission by the parties thereto is evidenced by the bringing of an action on the agreement by the mortgagee, etc."

On page 376 of the opinion in **Walser, Admr. v Farmers Trust Co., 126 Oh St 367**, the court quotes approvingly from 19 Ruling Case Law, §145, pages 374 and 375, as follows:

"Though there is authority supporting this view, the decisions hold almost unanimously that a grantee of premises, in assuming a mortgage thereon, renders himself liable for the discharge of the mortgage debt, not only to the mortgagor, but also to the mortgagee."

The undisputed evidence is to the effect that The Central Savings Bank and Trust Company of Canton, Ohio, retained possession of the note and mortgage and collected the interest on the mortgage debt in question for the plaintiff, and that Paul D. Rider, the former president thereof, at the time of the transactions in question living, but who died prior to the trial of this case, and Fred G. Barr, the cashier, counseled and advised plaintiff from time to time, in connection with her conduct and activities incident to this mortgage loan; that prior to the maturity of the note and mortgage and prior to the purchase of the mortgaged premises and the assumption of the mortgage by said Brickell and Kirchhofer, plaintiff instructed said bank that upon the maturing of said note and mortgage, it should call and collect said debt; that before said note and mortgage matured plaintiff was informed, either by said Rider or Barr, that defendants Brickell and Kirchhofer had purchased said mortgaged premises and assumed the payment of said mortgage debt; that thereupon plaintiff instructed either said Rider or Barr to investigate the standing of said Brickell and Kirchhofer; that said investigation was made through a Massillon, Ohio, bank, said Brickell and Kirchhofer being residents of Massillon, Ohio, and plaintiff, advised, in effect, that said Brickell and Kirchhofer were good and paid their bills, that they were responsible men, and that one, either was, or was going to be mayor.

The undisputed evidence is to the effect, further, that after receiving the said information concerning said Brickell and

Kirchhofer, plaintiff instructed said bank to let the loan stand at maturity and continue to accept the interest only, which instruction was followed by said bank; that the note and mortgage matured on or about July 13, 1927, Brickell and Kirchhofer purchasing said premises about December 20, 1926, disposing of same about January 3, 1928; also that during the period said premises were owned by said Brickell and Kirchhofer they paid the interest on said note to said bank as it accrued in accordance with the tenor thereof, and collected for themselves the rents from tenants, accruing from occupancy of said premises.

Do these facts constituting the logical conclusion resulting from the undisputed evidence of the plaintiff and said Fred G. Barr, sustain plaintiff's claim that before January 3, 1928, the mortgagee, the plaintiff, learned of the assumption of said mortgage on the part of said Brickell and Kirchhofer and assented thereto, thus rendering same irrevocable without the consent of plaintiff? It is not contended by defendants that plaintiff consented to the claimed rescission of said mortgage assumption contract.

Just what is required on the part of the mortgagee to render the assumption irrevocable?

Due to a dearth of decided cases in this jurisdiction applying the Ohio rule or test heretofore referred to, cases in other jurisdictions are resorted to. These decisions vary, and to an extent at least, are influenced by the theory of liability adhered to in the jurisdiction. Some jurisdictions, among them Illinois and Colorado, have no occasion to apply the rule, since mortgage assumption contracts are held to be irrevocable without the mortgagee's assent, from the date mortgagor and grantee enter into the assumption contract. Indiana holds that in order to entitle the mortgagee to rely on the assumption contract, he must have brought to the notice of the assumer, his acceptance of the assumption contract. The weight of authority, however, in jurisdictions adhering to the beneficial contract theory, does not require such notice. Most states adhering to the equitable subrogation theory among them New Jersey, apply the principle of suretyship. The rule, discussed in the court's opinion, followed in New York appears in the first paragraph of the syllabus in Gifford v Corrigan, 117 N. Y., 257, to-wit:

"A covenant in a deed by which the grantee assumes and agrees to pay a mortgage upon the premises conveyed, after it has come to the knowledge of the owner of the mortgage and has been assented to, and adopted by him as a security for his own benefit, is not revocable."

It can not be gainsaid that before the date of the conveyance of the premises to D. Milton Herrold, which conveyance embodies the claimed rescission, plaintiff the mortgagee, learned of the assumption of the mortgage by Brickell and Kirchhofer and that she by her conduct, assented thereto; also that she, by reason of said assumption, changed or altered her position in that she withdrew her instructions that the debt be called and collected upon maturity of same, and permitted the principal of said debt to continue to remain unpaid until a much later date. Can it be denied, in the face of mortgagee's conduct, that she elected to avail herself of this assumption on the part of Brickell and Kirchhofer, and that she governed her conduct in accordance therewith? We think not.

Applying to the facts found in this case, the established Ohio rule, the court believes the law of the question in this jurisdiction ought to be, and is, that prior to January 3, 1928, the date on which defendants claim said assumption contract was rescinded and they released therefrom, plaintiff had adopted or accepted said assumption contract or, at least, relied on the faith thereof, thereby rendering said contract irrevocable.

Assuming the contrary conclusion had been reached, do the acts and conduct engaged in on or about January 3, 1928 by Brickell and Kirchhofer on the one hand, and D. Milton Herrold on the other, constitute a rescission of the assumption contract in question? The acts and conduct referred to are embodied in a warranty deed from said Brickell and Kirchhofer in which their wives joined, to said D. Milton Herrold, by the terms of which said D. Milton Herrold assumed the payment of said mortgage, Defendant's Exhibit 4. The note and mortgage securing its payment, held by plaintiff, being plaintiff's Exhibits B and C, were executed and delivered by both D. Milton Herrold and Leora K. Herrold. Both are liable to mortgagee for this debt. Through the assumption of this obligation by said Brickell and Kirchhofer, said Leora K. Herrold obtained indemnity upon which she can rely should she be held for the payment of the debt. Said Leora K.

Herrold is not a party to the assumption contract embodied in said deed from Brickell and Kirchhofer to D. Milton Herrold, claimed by Brickell and Kirchhofer to be a rescission of their said assumption contract,—defendants' Exhibit 4.

In connection with this question, **Torrey v Stevenson, 14 O. Dec. 425,** has been cited, plaintiff claiming, and defendants denying, it is the law of the question, in this state. While the soundness of the decision based on the facts presented well may be questioned, it appears the facts of that case differ materially from those under consideration here. At any rate, this court concludes, the instrument under consideration, defendants' Exhibit 4, does not constitute a full and complete rescission of the assumption of the mortgage.

It is established by the decisions that the bringing of an action against the assumer of a mortgage amounts to a reliance on the faith of the assumption contract. In this case the suit was brought March 5, 1932.

If the conclusion reached by the court in connection with either phase of the question here in controversy is correct the issues of the case resolve themselves in plaintiff's favor. The court finds the issues of the case in favor of plaintiff, finds she has a valid claim against defendants Edwin M. Brickell and M. P. L. Kirchhofer, and accordingly finds she is entitled to recover from them the amount remaining unpaid on said mortgage debt, to-wit, $.......

Counsel for plaintiff will prepare and submit to counsel for defendants and the court an entry in accordance with this opinion.

A further question, no doubt, will be presented for consideration in connection with a motion for a new trial. By order of a former judge of this court, an additional defense was stricken from defendant's answer, viz., that the conduct and activities of plaintiff in connection with case No. 849 in the Probate Court of Stark County, Ohio, Henry W. Petzinger, assignee for the benefit of creditors of Fred E. Widder v Fred E. Widder et al. wherein plaintiff is a party, bars recovery by her in this case. Some consideration has been given that question. While the court's mind is still open as to same. his belief at the present time is that the striking from the answer of said defense does not constitute error. A definite decision on the matter is withheld pending the filing of motion for a new trial. (Motion for new trial filed later was overruled).